IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS TISHER,

          Plaintiff,

v.

WARDEN L. TEGELS, MS. MASSAAN,
SGT. BURKE, CO CRYIER, P. SCHULTZ,
NURSE NORTHWOOD, MRS. ANDERSON,
SGT. CULPERT, MS. WHEELAND,
CAPTAIN B. MILLER, MATHEW GERBER,
DR. L. LIU, K. LOOMIS, T. WALDERA and
A. ALT,

          Defendants.

OPINION AND ORDER

18-cv-240-wmc

*Pro se* plaintiff Thomas Tisher filed this lawsuit pursuant to 42 U.S.C. § 1983. Tisher claims that defendants, all employees of the Wisconsin Department of Corrections, violated his rights under the Eighth Amendment by failing to respond to his need for treatment for his spinal stenosis. Tisher's complaint is ready for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this generous standard, however, this complaint must be dismissed, although the court will give Tisher the opportunity to file an amended complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

While Tisher is no longer incarcerated, during the relevant time period he was a

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

prisoner at Jackson Correctional Institution ("Jackson") and Black River Falls Correctional Center ("Black River Falls"), where defendants were employed. The Jackson defendants are the Health Services Unit ("HSU") Manager Mrs. Massaan; Unit Manager P. Schultz; Sergeant Burke; Correctional Officers Cryier; Warden Tegels; class specialists T. Waldera and A. Alt; and Dr. Liu. The Black River Falls defendants are Superintendent Mathew Gerber; Nurse Northwood; Captain Miller; Sergeant Culpert, a program manager; Mrs. Wheeland, a program instructor; R. Anderson, a program supervisor; and K. Loomis, a social worker.

Tisher has been diagnosed with spinal stenosis in the lumbar region, meaning that the spaces between his spine have narrowed. This condition causes him chronic back pain. On November 14, 2017, while Tisher was incarcerated at Jackson, he requested to see a doctor. However, Tisher was transferred to Black River Falls on December 4, 2017, having never been seen at Jackson. When he arrived at Black River Falls, Tisher submitted a request to be seen, and a nurse examined him. Tisher does not provide details about what he reported to the nurse or anything else about their encounter.

While at Black River Falls, Tisher participated in the Early Release Program ("ERP"), which required him to sit for three hours daily for educational programming. Tisher spoke with the program director about this requirement, asking for a different type of chair. Anderson responded that there was nothing that she could do for him. Tisher then asked Captain Miller for help, and Miller consulted with medical professionals about Tisher's request. Miller subsequently decided to transfer Tisher back to Jackson, where Tisher could receive treatment for his condition.

It is unclear exactly when, but Tisher was transferred back to Jackson. Tisher did

2

not see a doctor until March 5, 2017, but he has not provided details about what he reported to the doctor at that time or the treatment (if any) he received as a result of that appointment. Apparently Tisher's treatment caused him to be removed from the ERP.

OPINION

Plaintiff claims that defendants violated his Eighth and Fourteenth Amendment rights because they failed to provide him timely medical care and discriminated against him by removing him from the ERP.

I. **Deliberate indifference**

A prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

"Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. Allegations of delayed care, even a delay of a just a few days, may violate the Eighth Amendment if the alleged delayed caused the inmate's condition to worsen or unnecessarily prolonged his pain. *See Estelle*, 429 U.S. at

104–05, (1976); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Petties v. Carter* 836 F.3d 722, 730-31 (7th Cir. 2016) (holding that inexplicable delay in medical treatment for a prisoner, which serves no penological interest, can support an inference of deliberate indifference, as element for a prisoner's Eighth Amendment claim); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (guards could be liable under the Eighth Amendment for delaying treatment of broken nose for a day and half); *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007) (a plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a claim for deliberate indifference). Thus, a plaintiff's claim has three elements under this standard:

1. Did plaintiff objectively need medical treatment?
2. Did defendants know that plaintiff needed treatment?
3. Despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

First, while minor aches and pains do not constitute a serious medical need, "[t]he existence of an injury that a reasonable doctor or patient would find important and worth of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain" constitute a serious medical need. *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Plaintiff's allegations that he was diagnosed with spinal stenosis and suffers severe pain from that condition are sufficient to permit an inference that he had a serious medical need. Therefore, the operative question is whether Anderson and Miller -- the only defendants alleged to be involved in plaintiff's medical care -- responded with deliberate indifference. On these limited

4

allegations, the answer is no as to both defendants.

Anderson did not provide plaintiff with an alternative chair for his educational sessions that were part of the ERP, but plaintiff has not alleged that he made Anderson aware of the nature of his back condition. As such, it would be unreasonable to infer that Anderson's refusal to provide him an alternative chair constituted deliberate indifference. Since her refusal to provide him a different chair is plaintiff's only allegation implicating Anderson, plaintiff may not proceed against her on this claim.

Miller's involvement is even more attenuated. He facilitated plaintiff's transfer back to Jackson in an apparent effort to provide him with medical treatment that was unavailable at Black River Falls. Plaintiff has not alleged that Miller had any reason to know that his medical care at Jackson would be delayed further. Given that the only reasonable inference to draw from Miller's actions was that he was attempting to *provide* plaintiff with the medical care he needed and wanted, plaintiff may not proceed on a claim against Miller either.

## II. Fourteenth Amendment

Finally, while plaintiff believes that he suffered discrimination in violation of the Fourteenth Amendment's equal protection clause, his allegations do not support such a claim. "Prisoners do not surrender their rights to equal protection at the prison gate." *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988). However, different treatment of prisoners is permissible so long as there is a rational basis for it. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires

5

inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."). In order to state a claim, therefore, plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 639 (7th Cir. 2007).

While plaintiff believes that he was discriminated against when he was removed from the ERP, his allegations also indicate that he was removed from the program because he needed medical care at Jackson. As such, even construing plaintiff's allegations generously and in his favor, the decision to transfer him to Jackson was grounded in the legitimate interest in providing him the care he needed. Therefore, plaintiff has failed to state a claim under the Fourteenth Amendment's equal protection clause.

## III. Improper defendants

Finally, the court is dismissing Gerber, Northwood, Culpert, Wheeland, Loomis, Schulz, Cryier, Tegels, Waldera, Alt and Dr. Liu as defendants. While plaintiff's complaint names each of these individuals as defendants, he has not pled *any* facts that actually suggest that any of them were involved in his medical care, transfer or participation in the ERP. Since "individual liability under § 1983 requires personal involvement in the alleged constitutional violation," *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010), these defendants will be dismissed. To the extent that plaintiff has named Warden Tegels and Superintendent Gerber due to their supervisory positions at Jackson and Black River Falls, he still cannot proceed against them. A supervisory defendant cannot be held liable under § 1983 for a subordinate's conduct simply because of his or her position as a supervisor.

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To maintain a claim against a supervisory defendant, plaintiff must allege facts showing that the supervisor had sufficient *personal* responsibility in the allegedly unconstitutional conduct. Said another way, the facts must support a finding that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [his] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Since plaintiff does not allege that either Tegels or Gerber were aware of plaintiff's attempts to obtain care or accommodations for his back condition sooner (much less that they condoned the delayed response), plaintiff may not proceed against them on a deliberate indifference claim and they will be dismissed from this lawsuit.

**IV. Leave to Amend**

That said, plaintiff's allegations do suggest that he alerted staff at both Jackson and Black River Falls about his need for medical care and that he did not see a doctor for approximately five months. Delays in treatment, even short periods of time, "may show deliberate indifference if it exacerbated the inmate's injury or unnecessarily prolonged his pain." *See Lewis v. McLean*, 864 F3d 556, 563 (7th Cir. 2017) (holding that a 1.5 hour delay in treatment could be deliberate indifference); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). Therefore, the court will give plaintiff the opportunity to file an amended complaint in which he includes more specific allegations about his attempts to receive medical care. Should he choose to file an amended complaint by the deadline set forth below, the court will screen it under § 1915(e)(2). In preparing an amended complaint, plaintiff should take care to provide information about exactly which

7

defendants he sought medical care from, what he reported and how each defendant responded. Plaintiff should use the legal standard set forth above as his guideline.

Furthermore, plaintiff should draft his complaint as if he is telling a story to someone who knows nothing about the situation. Plaintiff should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) which defendants did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should write his allegations in separate, numbered paragraphs using short and plain statements.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas Tisher is DENIED leave to proceed on the claims outlined in his complaint, and the complaint is DISMISSED without prejudice for failure to state a claim.

2. Plaintiff has until **May 15, 2019**, to file an amended complaint that corrects the deficiencies outlined in this opinion. If plaintiff filed a proposed amended complaint by that deadline, the court will take it under consideration for additional screening pursuant to 28 U.S.C. § 1915(e)(2). **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 24th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge